UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

**MICHAEL G. BOUCHARD,**

              **Plaintiff,**

 v.                 1:14-cv-752

**RICHARD S. HARTUNIAN, MICHAEL
C. OLMSTEAD, TAMARA THOMPSON,
EDWARD R. BROTON, THOMAS A.
CAPEZZA, THOMAS M. FATTORUSSO,
JR., BRYAN HAAG, THE FEDERAL
BUREAU OF INVESTIGATION, THE
INTERNAL REVENUE SERVICE,
JOHN DOE 1-20 AND JANE DOE 1-20,**

              **Defendants.**
―――――――――――――――――――――――――――

THOMAS J. McAVOY

Senior United States District Judge.

## DECISION & ORDER

 Plaintiff Michael G. Bouchard ("Plaintiff") brings this *pro se* civil action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, et seq. Plaintiff brings his claims after an indictment by a grand jury, a jury trial, and conviction on four counts related to his role as an attorney in real estate transactions. Defendants have moved to dismiss the Complaint.

**I. Background**

 Plaintiff's Complaint alleges that he was the subject of a joint investigation by the

1

IRS and FBI for his role in real estate transactions over a period of many years.  See Complaint, dkt. # 1.  The investigation focused on an alleged conspiracy, bank fraud, and making false statements to lenders.  Plaintiff alleges that Defendants engaged in an "unjustified, unethical, illegal and unconstitutional pursuit, investigation, targeting, prosecution and persecution of" him.  Id. at ¶ 14.  Plaintiff contends that Defendants "falsely alleged" that he, "while acting as an attorney, participated in two schemes or conspiracies to defraud mortgage lenders[.]"  Id.  Plaintiff's Complaint describes the criminal allegations against him and the government's investigation.  Id. at ¶¶ 15-34.  Plaintiff contends that the investigation was characterized by mistreatment and coercion of witnesses, false and misleading statements to and about the Plaintiff by investigators and witnesses, misuse of legal processes, and a failure by agents to provide Plaintiff in a timely fashion with exculpatory information obtained in witness interviews.  Id.  Plaintiff also contends that Defendants misused the grand jury process to bring about his indictment and prevented exculpatory witnesses from testifying in his favor.  Id. at ¶¶ 35-37.  Plaintiff likewise asserts that much of the information presented to the jury was false, misconstrued or even fabricated; witness statements at the grand jury were contradicted by other sworn statements made in other fora.  Id. at ¶¶ 42-58.  Plaintiff further alleges that Defendants indicted him as retaliation for his complaints about the grand jury process.  Id. at ¶ 38.  The grand jury indicted in a 24-count indictment on July 25, 2012.  Id. at ¶ 39.  Count 1 alleged a conspiracy.  Id.  Counts 2-23 accused Plaintiff of bank fraud.  Id.  The final count, Count 24, alleged Plaintiff made false statements to lenders.  Id.

Plaintiff's trial commenced November 13, 2012 in U.S. District Court.  Plaintiff was convicted on four of the twenty four counts: Count 1 for conspiracy in violation of 18 U.S.C. § 371, Counts 17 and 19 for bank fraud in violation of 18 U.S.C. § 1344, and Count

24 for making false statements to lenders in violation of 18 U.S.C. § 1014. Plaintiff contends that the testimony of witnesses at trial contradicted their earlier sworn statements. Id. at ¶¶ 59-80.

Plaintiff has not filed any appeals of his convictions nor any habeas corpus petition, but has instead filed the instant Complaint. Plaintiff's Complaint raises twelve counts. The first nine are raised against the United States Attorneys and other federal agents and agencies who investigated and prosecuted his case. The counts all allege misconduct that includes:

> allowing [agents] to conduct an improper 'investigation' of the plaintiff, obstructing justice, coercing witnesses into lying in front of the grand jury and the trial jury, using fake documentary evidence in front of the grand jury and trial jury, presenting perjured testimony to the grand jury, the trial jury and the Court, knowingly failing to introduce, present or disclose to the grand jury substantial evidence that existed that negated the alleged guilt of the subject of the investigation (the plaintiff herein), denying Michael G. Bouchard of his constitutional right to a proper grand jury proceeding, denying Michael G. Bouchard his constitutional right to due process, the [knowing] suppress[ion] [of] evidence in the form of the government's entire 'file' in accordance with what the government represented to be an 'open file discovery' policy, knowing violations of the Supreme Court cases Brady, Jencks and Giglio, depriving the defendant of the use of such evidence in his defense of serious criminal charges lodged against him, allowing inadequate or no interviews of persons to be memorialized, engaging in and allowing prosecutorial misconduct with respect to Michael G. Bouchard, engaging in and allowing the malicious prosecution of Michael G. Bouchard, by unjustifiably targeting Laurie Hinds and Malissa [sic] Edgerton, thereby denying the plaintiff Michael G. Bouchard the constitutional right to compulsory process to call witnesses on his behalf at trial, by violating and allowing to violated ethical guidelines applicable to attorneys and by allowing to exist and maintaining a 'Code of Silence' with respect to misconduct of Assistant US Attorneys and government agents described herein.

Id. at ¶ 98. Plaintiff seeks compensatory and punitive damages for these alleged

3

violations of his rights.[1]  Plaintiff also alleges a pattern of racketeering activity by the Defendants in violation of the RICO Act.  The object of the RICO conspiracy, Plaintiff alleges, was "to produce the wrongful investigation, wrongful indictment, wrongful arrest and wrongful conviction of the plaintiff on four counts in the frivolous indictment."  Complaint at § 100.  The final two counts of the Complaint are state-law claims for intentional infliction of emotional distress and breach of fiduciary duty.

**II.     Standards**

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  When, as here, the Plaintiff proceeds *pro se*, the Court must "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'"  Weixel v. Bd. of Educ. of N.Y., 287 F.3d

---

[1]Plaintiff ostensibly brings this claim pursuant to Bivens v. Six Unknown Named Agents fo Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Such claims involve suits "for money damages, sued in their individual capacities, for violations" of the Plaintiff's constitutional rights.  M.E.S., Inc. v. Snell, 712 F.3d 666, 671 (2013).  The plaintiff in such an action "is required to allege facts indicating that defendants were personally involved in the claimed constitutional violation."  Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009).  The Plaintiff's Complaint alleges Defendants violated various federal criminal statutes, which do not amount to constitutional violations under Bivens.  The Court will give the Complaint the generous reading required of *pro se* actions, however, and consider whether Plaintiff could claim a violation of some constitutional right.

4

138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." Id.

## III. Discussion

Plaintiff has filed the instant action claiming various procedural and constitutional violations during the investigation, grand jury hearing and subsequent trial that led to Plaintiff's conviction. (Complaint, ("Cmplt.") Dkt. No. 1 at 2). Plaintiff argues that, throughout the course of these events, the defendants falsified documents, presented untrue testimony, and acted within a conspiracy to wrongfully convict him. Plaintiff proclaims his innocence on numerous occasions throughout his Complaint.

The Defendants assert that because Plaintiff's conviction has not been overturned, his action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which requires that a conviction or sentence to be reversed, expunged, declared invalid, or impugned before a civil action may be filed that challenges that conviction, applies to Plaintiff's Complaint.

It is well established that the civil court system may not be used to collaterally attack a criminal conviction. Heck, 512 U.S. at 484-85; see also Covington v. City of New York, 171 F.3d 117, 127 (2d. Cir 1999). Plaintiff brings in part a Bivens action. A Bivens action is a civil complaint that "requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). A Bivens claim is similar to a § 1983 claim, and as such, the law applicable to a § 1983 claim is also applicable to a Bivens claim. Id. To bring a § 1983 claim and "recover damages for allegedly unconstitutional conviction or imprisonment... the conviction or sentence [must be] reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at

5

486-87.  This is required because permitting "a convicted criminal defendant to proceed with a [civil] claim would permit a collateral attack on the conviction through the vehicle of a civil suit."  Id. at 484.  Thus, a Plaintiff "has no cause of action . . . unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Id. at 489.  In the absence of such a determination, Plaintiff cannot prevail on a civil claim and Heck bars the action.  Id.  Thus, "[c]ivil lawsuits may not be used to collaterally attack criminal convictions."  Spinale v. United States, No. 03cv1704, 2004 U.S. Dist. LEXIS 238 at *40 (S.D.N.Y. Jan. 9, 2004) (citing Heck, 512 U.S. 477 and Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber, 327 F.3d 173, 180 (2d Cir. 2003)).

Plaintiff is currently imprisoned as a result of his conviction and sentencing.  Plaintiff concedes that neither his conviction nor sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Plaintiff's conviction is based on the same investigation, trial and facts that are the basis for the present claim.  The portions of the Complaint described above clearly indicate that the violations Plaintiff claims all concern his trial and conviction, whether he chooses to couch his claims as violations of his right to due process or allegations of a RICO conspiracy.  A finding on the behalf of the Plaintiff in the instant claim would necessarily call into question the validity of Plaintiff's conviction.  As such, all present claims are barred by the rule articulated in Heck as an attempt at a collateral attack on his criminal conviction.

Plaintiff argues that even if his Complaint should be dismissed for the offenses he was convicted of, it should not be dismissed for the offenses he was acquitted of.  (Plaintiff's Memorandum in Opposition, dkt. # 20 at 2).  Defendants argue that all related offenses would need to have been invalidated or expunged to bring a Bivens claim in

6

relation to any of the charged offenses. (Defendant's Reply, dkt. # 21 at 1-2).

Essentially, Plaintiff's claims are an attempt to allege malicious prosecution against the attorneys and agencies that procured his conviction. In order to bring a claim based on a theory of malicious prosecution, Plaintiff must show that all counts against him had been reversed, expunged, invalidated, or impugned. DiBlasio v. The City of New York, 102 F.3d 654, 659 (2d Cir. 1996) (Plaintiff could not bring malicious prosecution claim after having one conviction overturned, but having other related convictions upheld). When there is a related conviction it shows that "the [prosecution's] case did not end in failure or in [Plaintiff's] favor." Id. As explained above, the RICO claim alleges as predicate acts only that the Defendants conspired to assure his wrongful conviction, which the Court considers simply a malicious prosecution claim given another name. The RICO claim serves simply as a collateral attack on the conviction, and is barred by Heck. Until Plaintiff can show that the case ended in his favor on all 24 counts in the indictment, Plaintiff's claims are barred.

Furthermore, Plaintiff's contention that he had to file his Complaint in order to satisfy the statute of limitations is without merit. The statute of limitations does not begin to run until the Plaintiff has a cognizable claim. Heck, 512 U.S. at 489. As Plaintiff's federal claims are precluded by Heck, the statute of limitations on any claims has not begun to run.[2]

## IV. Conclusion

Plaintiff's claims are subject to the rule in Heck, and therefore barred because his convictions were not reversed, expunged, invalidated, or impugned. Plaintiff has no

---

[2]The Court declines to exercise jurisdiction over any state-law claims. See Valencia v. Sung M. Lee, 316 F.3d 299, 306 (2d Cir. 2003).

7

cognizable federal claim at this time. Without a cognizable claim, Plaintiff has failed to state a claim for which relief may be sought.

For the reasons stated above the Court will grant the defendants' motion to dismiss. It is therefore ORDERED that:

1. Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), dkt. # 18, is GRANTED.

**IT IS SO ORDERED**.

**DATE**DJune 24, 2015

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge